### No. 27,758.

FRANK E. JONES et al., *Plaintiffs,* v. G. A. ROBERDS et al., *Defendants.*

#### MEMORANDUM DECISION.

Original proceeding in mandamus. Opinion filed April 26, 1927. Action dismissed.

*James F. Getty* and *E. A. Taylor,* both of Kansas City, for the plaintiffs.
*Otis S. Allen* and *S. H. Allen,* both of Topeka, for the defendants.

The decision of the court was announced by

BURCH, J.: The proceeding is one in mandamus, to require the district judge of Johnson county to refrain from passing on a motion.

The cause in which the motion was filed was heard by a referee, who found for defendants. Plaintiffs filed objections and exceptions to the report, requested additional findings of fact, moved to strike out parts of the report, and moved for a new trial. Defendants moved that the report be approved and confirmed, and that judgment be rendered accordingly. The motions were argued together. The court denied plaintiffs' motions, and rendered judgment for defendants.

The judgment was entered on the morning of January 12, 1927, and shortly thereafter plaintiffs filed a motion for new trial and for a rehearing on all the motions the court had already passed on. At noon on January 10, the term of office of Hon. Jabez O. Rankin, judge of the district court of Johnson county, expired. He was succeeded by Hon. G. A. Roberds, who has set the motion filed on January 10 for hearing on Wednesday, April 27. The term of the district court at which the proceedings recited were taken ends, so far as transaction of business is concerned, on Saturday night, April 30.

The motion to be heard is not one recognized by the code of civil

Courts, 15 C. J. p. 1063 n. 29. Discretion, 18 C. J. p. 1137 n. 70. Mandamus, 38 C. J. p. 600 n. 83 new. Motions, 28 Cyc. p. 16 n. 38. New Trial, 29 Cyc. p. 1008 n. 48.

Sharp v. El Dorado & S. F. Rly. Co.

procedure, and has no legal status except as an appeal to the sound judicial discretion of the court, to be exercised by a judge who has no knowledge of the case. The parties agree that the record consists of ten bound volumes containing more than 4,000 pages. Other circumstances indicate that the court is called on to exercise a discretion which in the nature of things can scarcely be a sound judicial discretion.

It is suggested by plaintiffs that the court might allow the motion, and afterwards consider to what extent the former proceedings should be dealt with. Such action would be arbitrary.

The question is whether, under the circumstances, mandamus lies to prevent action on the motion. The court will not assume that an arbitrary discretion will be exercised, and besides that, the remedy invoked is, in essence, prohibition, a subject over which this court has no original jurisdiction.

The proceeding is dismissed, and the stay heretofore granted is set aside.

JOHNSTON, C. J., concurs in the judgment, and dissents from discussion of the court's discretion.

HOPKINS, J., dissents from all except the judgment of dismissal of this proceeding.